**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| DIANE ROY, | DOCKET NUMBER |
| Appellant, | DA-0432-20-0133-I-1 |
| v. | |
| DEPARTMENT OF AGRICULTURE, | DATE: August 26, 2024 |
| Agency. | |

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Jesse L. Kelly II</u>, Esquire, and <u>Shaun Southworth</u>, Esquire, Atlanta, Georgia, for the appellant.

<u>Patrick D. Gregory, Sr.</u>, Esquire, and <u>Martin A. Gold</u>, Esquire, Washington, D.C., for the agency.

<u>Julieanna Walker</u>, New Orleans, Louisiana, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

**REMAND ORDER**

The appellant has filed a petition for review of the initial decision, which affirmed the agency's action removing her for unacceptable performance pursuant

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

to 5 U.S.C. chapter 43. For the reasons set forth below, we GRANT the petition for review. We MODIFY the initial decision to clarify the legal standard applicable to the appellant's claims of age and race discrimination and retaliation for prior protected equal employment opportunity (EEO) activity, VACATE an alternative finding made by the administrative judge regarding the appellant's claim of whistleblower reprisal, and REMAND the appeal to the regional office for further adjudication consistent with the U.S. Court of Appeals for the Federal Circuit's decision in *Santos v. National Aeronautics & Space Administration*, 990 F.3d 1355 (Fed. Cir. 2021).

## BACKGROUND

Effective November 19, 2018, the agency placed the appellant, a GS-7 Financial Assistant, on a 40-day performance improvement plan (PIP),[2] explaining that her performance was unacceptable in three critical elements of her position: (1) Mission Results; (2) Customer Service, Communication, EEO, Civil Rights, Diversity and Inclusion; and (3) Teamwork and Partnerships. Initial Appeal File (IAF), Tab 6 at 12, Tab 8 at 18-23.[3] Following the conclusion of the PIP, the agency informed the appellant that she had improved to an acceptable level; however, it explained that if she did not maintain an acceptable level of performance for 1 year following the commencement of the PIP, she could still be subject to either a reduction in grade or removal. IAF, Tab 8 at 24-25.

On November 7, 2019, the agency proposed to remove the appellant for failure to perform acceptably in two critical elements: (1) Mission Results and (2) Customer Service, Communication, EEO, Civil Rights, Diversity and

---

[2] As a result of a Federal Government shutdown, the appellant's PIP, which was initially scheduled from November 19, 2018, through December 28, 2018, was extended for an additional 7 days, from February 6, 2019, through February 13, 2019. Initial Appeal File, Tab 8 at 18, 26-27.

[3] Documentation in the record indicated that Teamwork and Partnerships was a noncritical element, IAF, Tab 8 at 7, 17; however, insofar as the appellant's removal was not predicated on this element, this discrepancy is not material to the outcome of this appeal.

Inclusion. IAF, Tab 9 at 177-81. After she responded to the proposed removal both orally and in writing, IAF, Tab 6 at 57-67, Tab 7 at 4-12, the agency removed the appellant, effective December 30, 2019, for failing to meet performance standards for the critical element of Mission Results, IAF, Tab 6 at 12-18.

The appellant appealed the agency's removal action to the Board, and following a hearing, the administrative judge issued an initial decision affirming the appellant's removal. IAF, Tab 39, Initial Decision (ID) at 1, 31. In so doing, the administrative judge found that the agency had shown, by substantial evidence, the following: (1) the Office of Personnel Management had approved the agency's performance appraisal system; (2) the agency had communicated to the appellant the performance standards and critical elements of her position; (3) the performance standards were valid under 5 U.S.C. § 4302(c)(1); (4) the agency had warned the appellant of the inadequacies in her performance and had given her a reasonable opportunity to demonstrate acceptable performance; and (5) the appellant failed to maintain an acceptable level of performance in one of the critical elements for which she was provided an opportunity to demonstrate acceptable performance throughout the year following the commencement of the PIP. ID at 5-21. The administrative judge also concluded that the appellant did not prove any of her proffered affirmative defenses by preponderant evidence. ID at 21-30.

The appellant has filed petition for review, arguing, among other things, that the agency did not meet the elements necessary to establish a chapter 43 action, and that the administrative judge erred in finding that she did not prove her claims of discrimination or retaliation, or whistleblower reprisal.[4] Petition for

---

[4] The appellant has also challenged the administrative judge's findings that the agency did not violate her due process rights. PFR File, Tab 1 at 6, 9. Upon review of the record and consideration of the appellant's arguments, we discern no basis to disturb these findings. ID at 21-24.

Review (PFR) File, Tabs 1, 3. The agency responded in opposition to the appellant's petition for review. PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The agency established the elements of its chapter 43 action under the law when the initial decision was issued.</u>

In her petition for review, the appellant argues, among other things, that the administrative judge erred in finding that the agency communicated the performance standards of her position, proved that its performance standards were valid under 5 U.S.C. § 4302(c)(1), and established that it provided her with a reasonable opportunity to demonstrate acceptable performance. PFR File, Tab 1 at 5-8. After review of the record, and consideration of the appellant's arguments, we discern no basis to disturb the administrative judge's finding that the agency proved the elements required to establish a chapter 43 action under the law when the initial decision was issued.[5] *Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (stating that the Board will not disturb an administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on issues of credibility); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same). Nevertheless, as discussed below, we must remand the appeal to account for *Santos*.

<u>We modify the initial decision to supplement the administrative judge's analysis of the appellant's discrimination and retaliation claims, but still find that the appellant did not prove these claims.</u>

On review, the appellant challenges the administrative judge's conclusion that she did not prove her claims of age and race discrimination, and argues that

---

[5] The appellant also contends on review that the administrative judge improperly relied on hearsay evidence. PFR File, Tab 1 at 5-8. Even assuming the appellant's characterization of the evidence as hearsay is correct, a different outcome would not be warranted because it is well settled that hearsay evidence is admissible in Board proceedings. *See Crawford-Graham v. Department of Veterans Affairs*, 99 M.S.P.R. 389, ¶ 20 (2005) (stating that relevant hearsay evidence is admissible in administrative proceedings).

the administrative judge "err[ed] in her analysis about retaliation." PFR File, Tab 1 at 9. She asserts that, in light of the U.S. Supreme Court's decision in *Babb v. Wilkie*, 589 U.S. 399 (2020), the administrative judge applied the incorrect legal standard and, therefore, the initial decision should be reversed. *Id.* Although we agree with the administrative judge that the appellant did not prove her claims of race discrimination, age discrimination, or EEO retaliation, we supplement the administrative judge's findings to clarify the proper analytic framework under *Pridgen v. Office of Management and Budget*, 2022 MSPB 31. ID at 25-30.

In the initial decision, the administrative judge relied on the framework set forth in *Savage v. Department of the Army*, 122 M.S.P.R. 612 (2015), to analyze the appellant's claims of discrimination and retaliation and conclude that the appellant did not show that her race, age, or prior EEO activity was a motivating factor in her removal.[6] ID at 25, 28-30. After the administrative judge issued the initial decision, the Board issued *Pridgen*, 2022 MSPB 31, ¶¶ 20-22, 30, which clarified that, in order to obtain the full measure of relief, including status quo ante relief, compensatory damages, or other forms of relief related to the employment action, the appellant must show that discrimination or retaliation was a "but for" cause of the action. *Id.*

Nevertheless, under both *Savage* and *Pridgen*, the appellant bears the initial burden of proving by preponderant evidence that her age, race, or EEO activity is a motivating factor in the agency's removal action. *Pridgen*, 2022 MSPB 31, ¶ 20-22, 30; *Savage*, 121 M.S.P.R. 612, ¶ 51. Because we agree with the

---

[6] The appellant alleged before the administrative judge that the agency retaliated against her due to numerous instances of prior EEO activity, including a December 10, 2019 initiation of informal EEO counseling based on allegations of sex, race, age, and disability discrimination. IAF, Tab 28 at 8, Tab 29 at 26-27. EEO activity alleging disability discrimination is protected by the Rehabilitation Act, and requires the appellant to prove "but for" causation in the first instance. *Pridgen*, 2022 MSPB 31, ¶ 40. Although the administrative judge here did not consider or apply the more stringent "but for" standard, because we agree with her conclusion the appellant failed to meet the lesser burden of proving that any of her protected activity was a motivating factor in her removal, she necessarily failed to meet the more stringent "but for" standard that applies to her Rehabilitation Act retaliation claim. ID at 27.

administrative judge that the appellant did not meet her initial burden, there is no material error in the administrative judge's reliance on *Savage* rather than *Pridgen*. Accordingly, we discern no basis to disturb these findings. *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (stating that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

<u>We agree that the appellant failed to prove her affirmative defense of whistleblower reprisal; however, we vacate an alternative finding made by the administrative judge.</u>

The appellant asserts that the agency engaged in whistleblower reprisal. PFR File, Tab 1 at 9-10. In particular, she avers that she made a protected disclosure when she disclosed to agency personnel "gross mismanagement" regarding a computer glitch that she allegedly encountered. *Id*. at 9. She also avers that the agency presented "weak" evidence in support of her removal. *Id*.

To prove an affirmative defense of whistleblower reprisal, the appellant must first demonstrate by preponderant evidence that she made a protected disclosure under 5 U.S.C. § 2302(b)(8) or engaged in protected activity under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D), and that the disclosure or activity was a contributing factor in the adverse action. *See Alarid v. Department of the Army*, 122 M.S.P.R. 600, ¶¶ 12-13 (2015) (recognizing that, under the Whistleblower Protection Enforcement Act of 2012 (WPEA), an appellant may raise an affirmative defense of whistleblower retaliation based on protected activity under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), and (D)); *Shibuya v. Department of Agriculture*, 119 M.S.P.R. 537, ¶ 19 (2013) (stating the foregoing proposition concerning disclosures protected by 5 U.S.C. § 2302(b)(8)). If the appellant meets this burden, then the burden of persuasion shifts to the agency to prove by clear and convincing evidence that it would have taken the same action in the absence of the appellant's protected disclosure or activity. *Alarid*, 122 M.S.P.R. 600, ¶ 14.

Despite the appellant's characterization of this purported disclosure, PFR File, Tab 1 at 9, we find that it did not implicate either gross mismanagement or any of the other categories of wrongdoing enumerated under section 2302(b)(8), *see Cassidy v. Department of Justice*, 118 M.S.P.R. 74, ¶ 8 (2012) (explaining that de minimis wrongdoing or negligence does not constitute gross mismanagement). Thus, we agree with the administrative judge's conclusion that the appellant failed to prove that the agency engaged in whistleblower reprisal. ID at 28.

Although the issue was not raised on review, under the WPEA, the Board may not proceed to the clear and convincing test unless it has first made a finding that the appellant established her prima facie case. 5 U.S.C. § 1221(e)(2); *Clarke v. Department of Veterans Affairs*, 121 M.S.P.R. 154, ¶ 19 n.10 (2014), *aff'd*, 623 F. App'x 1016 (Fed. Cir. 2015). Here, the administrative judge found in the alternative that even if the appellant had made a protected disclosure that had contributed to her removal, the agency showed by clear and convincing evidence that it would have removed her. ID at 28. Accordingly, we vacate this alternative finding. *See Scoggins v. Department of the Army*, 123 M.S.P.R. 592, ¶ 28 (2016).

Remand is required in light of *Santos*.

In affirming the appellant's performance-based removal, the administrative judge correctly cited and applied the Board's precedent setting forth the relevant legal standard for such actions under chapter 43. ID at 4-21. Subsequent to the initial decision, however, the Federal Circuit held for the first time that to support an adverse action under chapter 43, an agency "must justify institution of a PIP" by showing that the employee's performance was unacceptable before the PIP. *Santos*, 990 F.3d at 1360-61. Therefore, to defend an action under chapter 43, an agency must now also prove by substantial evidence that the appellant's performance during the appraisal period prior to the PIP was unacceptable in one or more critical elements. *See Lee v. Department of Veterans Affairs*, 2022

MSPB 11, ¶ 15. The Federal Circuit's decision in *Santos* applies to all pending cases, including this one, regardless of when the events took place. *Id.*, ¶ 16. The parties here did not have an opportunity before the administrative judge to address the modified legal standard in light of *Santos*. We therefore remand this case for further adjudication of the appellant's removal under the standard set forth in *Santos*. *See Santos*, 990 F.3d at 1363-64 (remanding the appeal for further proceedings under the modified legal standard); *see also Lee*, 2022 MSPB 11, ¶ 16 (remanding the appellant's chapter 43 appeal because the parties were not informed of the modified standard set forth in *Santos*).

On remand, the administrative judge shall accept evidence and argument on whether the agency proved by substantial evidence that the appellant's pre-PIP performance was unacceptable. The administrative judge shall hold a supplemental hearing if appropriate. The administrative judge shall then issue a new initial decision consistent with *Santos*. If the agency makes the additional showing required under *Santos* on remand, the administrative judge may incorporate her prior findings on other elements of the agency's case in the remand initial decision, as modified here. However, regardless of whether the agency meets its burden, if the argument or evidence on remand regarding the appellant's pre-PIP performance affects the administrative judge's analysis of the appellant's affirmative defenses, she should address such argument or evidence in the remand initial decision. *See Spithaler v. Office of Personnel Management*, 1 M.S.P.R. 587, 589 (1980) (explaining that an initial decision must identify all material issues of fact and law, summarize the evidence, resolve issues of credibility, and include the administrative judge's conclusions of law and his legal reasoning, as well as the authorities on which that reasoning rests).

## ORDER

For the reasons discussed above, we grant the appellant's petition for review, modify the initial decision to clarify the legal standard applicable to the

appellant's discrimination and EEO retaliation claims, vacate the administrative judge's alternative finding regarding whistleblower reprisal, and remand this case to the regional office for further adjudication consistent with *Santos*.

*Gina K. Grippando*

FOR THE BOARD: _____
Gina K. Grippando
Clerk of the Board

Washington, D.C.